# Tucker, Appellant, *v.* Pittsburg, Cincinnati, Chicago & St. Louis Railway Company.

*Negligence — Railroads — Passenger — Station — Contributory negligence—Case for jury—Death.*

1. Where death results from an occurrence of which no one was a witness, the fact that the death was unwitnessed does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause. When these are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the party charged, liability attaches.

2. Where a passenger after alighting from a train on a dark night proceeds along a narrow unlighted walk, elevated above and close to the track, while the train from which he alighted was moving, and in some way falls between the wheels of one of the passing cars and is instantly killed, without anyone actually seeing the occurrence, the questions of negligence on the part of the railroad company and the deceased's contributory negligence are for the jury.

Argued Oct. 25, 1909. Appeal, No. 148, Oct. T., 1909, by plaintiff, from order of C. P. No. 4, Allegheny Co., First Term, 1908, No. 105, refusing to take off nonsuit in case of Fannie Tucker v. Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for death of plaintiff's husband. Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*L. K. Porter,* with him *S. G. Porter* and *Frank H. Kennedy,* for appellant.—Under the evidence in this case, we contend that the defendant was guilty of negligence: Hall v. R. R. Co., 36 Pa. Superior Ct. 556; Fox v. New York, 5 N. Y. App. Div. 349.

The question whether or not plaintiff was guilty of contributory negligence was a question of fact for the jury and not a question of law for the court: Penna. Tel. Co. v. Varnau, 5 Lanc. L. R. 401; Schum v. R. R. Co., 107 Pa. 8; Menner v. Canal Co., 7 Pa. Superior Ct. 135; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408 (12 Sup. Ct. Repr. 679); Kane v. Ry. Co., 128 U. S. 91 (9 Sup. Ct. Repr. 16); Ry. Co. v. Cox, 145 U. S. 593 (12 Sup. Ct. Repr. 905).

*Wm. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellee.— The burden of proving negligence is upon him who alleges it, except in a few cases where the doctrine of res ipsa loquitur applies, and this is not one of those cases: P. & R. R. R. Co. v. Hummell, 44 Pa. 375; Rotsell v. Warren Boro., 10 Pa. Superior Ct. 283; P. & R. R. R. Co. v. Schertle, 97 Pa. 450; Reese v. Clark, 146 Pa. 465; Welsh v. Erie, etc., R. R. Co., 181 Pa. 461; Alexander v. Water Co., 201 Pa. 252.

OPINION BY MR. JUSTICE STEWART, January 3, 1910:

Plaintiff's husband had been a passenger on a train that arrived at Gregg station at 10 o'clock on the night of August 10, 1907, coming from the east. Upon the arrival of the train he alighted from the rear end of the first car. To reach the public crossing that led to his home, he would have to face eastward and follow the platform or walk which the defendant had provided for the accommodation of passengers arriving or departing. This he evidently did, with a most un-

fortunate result; for while he was thus walking along the track, the train started westward and somehow or other he fell between the wheels of one of the passing cars and was instantly killed. This walk or path is spoken of by the witnesses as a platform. In fact it was a walk covered with crushed limestone, extending along the railroad tracks for several hundred feet from the station eastward to the public road or crossing which was the approach to the station. Its level is thirteen inches above the ties of the track, and its side next the track is supported and kept in place by a plank wall, leaving a space between the edge of the walk and the nearest rail of the track of the width of two and one-half feet. The distance from the edge of the walk to the body of a car occupying the track would be from eight inches to a foot. The night was dark, and the walk was unlighted. Plaintiff's husband while moving eastward to the crossing was in advance of passengers who had alighted from the front of the same car. Two of these testified that while they could observe people moving in front of them in the path alongside the train, it was so dark that they could not recognize them; that an unusual sound attracting their attention one of them lighted a match, and by the light thus supplied they discovered upon the track the remains of plaintiff's husband. As we understand the evidence this occurred when they had passed about half the length of the second car. Both say that it was so dark that although they were within a foot of the dead man, they could see nothing of him until the match was lighted. The negligence charged was failure to provide a safe and adequate platform or walk for passengers alighting and departing at nighttime. The questions suggested by the case were: (1) does the evidence show negligence on the part of the defendant? (2) does it show that such negligence, if any, caused or contributed to the accident? and (3) does it show contributory negligence on the part of the person who was killed? We pass the first without remarking upon it further than to say that the question was for the jury. The second was just as certainly for the jury, but a word of explanation is here required. No one witnessed the occurrence, and, therefore, no one can testify how it did actually happen.

The case is not very peculiar in this respect. Accidents in which life is lost not infrequently occur unwitnessed. Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause. When these are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the party charged, liability attaches. Such is the doctrine distinctly laid down in Allen v. Willard, 57 Pa. 374, a case which in its general facts bears close resemblance to this. So too was the third question for the jury. It was not negligence per se for plaintiff's husband to walk back along the platform when the train was moving. He was doing nothing unusual, but just what all the alighted passengers were doing and what, so far as the evidence disclosed, was customary. Whether it was negligence under all the circumstances shown in the case, the jury alone could decide. The case calls for no further discussion here. The motion to take off the nonsuit should have prevailed. The assignment of error is sustained, and judgment reversed with a procedendo.