Sevitch, Admrx., *v.* DeAngelo (et al., Appellant).

Argued April 20, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Michael A. Foley,* for appellant.

*Louis Pokras,* with him *Fred C. Gartner* and *Hyman A. Guth,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, May 22, 1950:

This appeal is from a judgment awarding $3500.00 to the personal representatives of deceased as damages for the loss suffered as a result of his accidental death following a collision between defendants' truck and a street car. The court below dismissed defendants' exceptions to the findings of the trial judge, sitting without a jury, and entered judgment thereon for plaintiff.

Deceased was employed by the Philadelphia Transportation Company as a member of a welding crew. At 9:00 A.M. on October 1, 1948, he and another employe were working on street car tracks a few feet west of the intersection at 19th and South Streets in the City of Philadelphia. These two streets are one way thoroughfares, have an identical width of 26 feet and are both traversed by single streetcar tracks. At the point of intersection South Street, a westbound avenue, is crossed at a right angle by 19th Street which runs in a southerly direction. Deceased and his companion were working on the north rail of the South Street track, some four or five feet west of the west rail of the 19th street track. Their welding machine stood in the south cartway of South Street, west of 19th, making it necessary for all vehicular traffic to use the north cartway of that street.

Defendants' truck, as it approached the intersection from the east, was moving down the middle of South Street. When it was approximately 30 feet from the east curb line of 19th Street, a traffic light, which had

been green in the truck driver's favor, changed to amber and then a moment before the truck entered the intersection, turned red. Defendant driver, proceeding through the red light, turned his truck into the north cartway in an attempt to avoid the deceased and his fellow worker and, in so doing, collided with a streetcar moving south on 19th Street. The truck was struck on the right side of its rear axle with such force that it was turned about and came to a stop approximately five feet west of the west curb line of 19th Street with its right side paralleling the southbound tracks of that street. No eyewitness testified to having seen the truck hit the welding machine or the deceased. However, there was evidence that a puff of flame and smoke flared up briefly from the vicinity of the welding machine and, after the collision, the deceased was found lying in the south cartway of South Street, ten or fifteen feet from where he had been working. His shoes had been knocked off and were found some distance apart in the middle of the street and between the tracks on South Street. Defendant truck driver testified that he did not know whether he had struck deceased or not. Deceased was removed to a hospital where he subsequently died of multiple injuries to his head and body.

Defendant has admitted his negligence but denies that there is sufficient evidence to support a finding that deceased's injuries were the result of that negligence. Although there was no direct testimony offered by plaintiff to show that defendants' truck struck the deceased the lack of such evidence is not fatal. For as this Court said in *Tucker v. Pittsburg, Etc., Ry. Co.*, 227 Pa. 66, 68, 75 A. 991, in which case a passenger was run over, unbeknown to any witnesses, by the train from which he had alighted: "No one witnessed the occurrence, and, therefore, no one can testify how it did actually happen. The case is not very peculiar in this respect. Accidents in which life is lost not infrequently

occur unwitnessed. Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause. When these are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the party charged, liability attaches."

In the instant case the evidence offered by plaintiff established the following facts. Deceased, when last seen alive, was directly in the path of the truck as it entered the intersection. After the collision his body was found ten or fifteen feet west of his former position in the south cartway of South Street. His shoes had been knocked off his feet and he had sustained a number of head and body injuries. The truck driver, in his own testimony, did not deny hitting deceased but merely stated that he did not know whether his truck had struck the deceased or not. Plaintiff's evidence does not completely eliminate all possibility that the death of the decedent was due to some cause other than the negligence of defendant, but this does not preclude plaintiff from recovery. This Court has said in *Straight v. Goodrich Co.*, 354 Pa. 391, 396, 47 A. 2d 605: ". . . it is not the rule that circumstantial evidence to establish negligence need exclude everything which the ingenuity of counsel may suggest as having possibly caused or contributed to the injuries or death: Strobel v. Park, 292 Pa. 200, 207, 140 A. 877. 'Since proof to a degree of absolute certainty is rarely attainable in any litigated factual controversy, the law requires only that the evidence as to the operative cause of the accident be enough to satisfy reasonable and well-balanced minds that it was the one on which plaintiff relies': Liguori v. Philadelphia, 351 Pa. 494, 498, 41 A. 2d 563."

The evidence was clearly sufficient to justify the conclusion of a jury (or that of a trial judge, sitting

without a jury) that deceased, as a matter of fact, was struck by defendants' truck as a result of the driver's negligence.

The exceptions to the findings of the learned trial judge were properly dismissed by the court below.

Judgment affirmed.