Mitchell, Admr., *v.* Stolze, Appellant.

Argued October 2, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Palmer J. McCloskey, Jr.,* with him *McCloskey, Patrono & McCloskey,* for appellant.

*John J. Moschetta,* with him *Howard F. Carson,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 17, 1953:

On November 1, 1951, at about 5 p.m., two automobiles travelling on Pennsylvania State Highway Route No. 71 in Washington County, collided with each other so violently as to inflict death on the operator of one car (Helen C. Mitchell) and injuries on the operator of the other (Hildred Knight Stolze). No one, except the two operators themselves, witnessed the actual impact so that, when the administrator of the estate of Mrs. Helen C. Mitchell sued Hildred Knight Stolze for damages in both a wrongful death

and survival action, the defendant maintained there could be no recovery since ocular evidence to describe, visualize and reconstruct the details of the accident, was missing.*

This defense, however, is not valid. Circumstantial evidence when it is planted squarely on the bedrock of natural laws, inevitable sequence and undeviating effect can be and is as convincing as the story of an eye witness. If circumstantial evidence can and often does persuade juries in criminal cases to render verdicts which deprive defendants of liberty and sometimes life, as indeed it can and does equally as effectively exonerate defendants accused of crime, why should it be regarded as any less reliable in civil cases? The worth of circumstantial evidence in civil cases is no longer a matter of academic debate or forensic argument. In *Tucker v. Pittsburg, C., C. & St. L. Ry. Co.,* 227 Pa. 66, we said: "Accidents in which life is lost not infrequently occur unwitnessed. Such fact in itself does not operate to protect one whose negligence can be shown from the general situation and circumstances to have been the operative cause. When these are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the party charged, liability attaches."

Five minutes after the crash between the Mitchell and the Stolze cars, a Shelby V. Ghrist arrived at the scene of the accident. He testified at the trial that he found both cars on the southern side of the highway with only the rear left fender of the Stolze car partly projecting over the center of the highway. Since the geographical physics of the accident indisputably establish that the Mitchell car was travelling eastward-

---

* The defendant herself was disqualified from testifying under the Act of 1887.

ly and the Stolze car was travelling westwardly, the fact that both cars came to rest on that portion of the road assigned to eastwardly-moving traffic proclaims prima faciedly that the Stolze car was violating the law of the road at the time of the impact. As stated by Mr. Justice ALLEN M. STEARNE in *Buchanan et al. v. Belusko,* 361 Pa. 465, 467, "We are not required . . . to determine whether negligence mày be *inferred* from attending circumstances. Driving on the wrong side of the streets in violation of section 1004 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS 521, is a *prima facie* case of negligence."

Ghrist testified further that the front ends of the cars were nosed together at the guard rail on the southern side of the highway, while the rear sections, stretching laterally to the center of the highway, spread apart, forming a V-pattern. On the left front door of the Mitchell car Mr. Ghrist found an indentation of the size and shape of the Stolze right headlight, the latter being only three feet away from its imprint.

Mrs. Mitchell's body protruded through this left front door, her head on the pavement, her feet still within the interior of the car. This would indicate that the mortal blow must have occurred just before the cars stopped, for otherwise Mrs. Mitchell would most likely have fallen out of the vehicle while it was traversing the distance suggested by the defendant's theory as to how the accident occurred.

Defendant's counsel argued at the trial, as well as before us on appeal, that Mrs. Mitchell had driven her car into a road, which, from her left, intersected with Route No. 71, that it came into contact with the Stolze car travelling westwardly on Route 71, that the two vehicles became entangled with each other and that then in some unexplained manner crossed over from the westwardly to the eastwardly-moving side of

the highway and ceased movement at the guard rail on the southern side of Route 71. This theory, woven out of conjecture and interlaced with surmise, has not a strand of fact to give it strength and therefore cannot possibly support the weight of a factual defense.

Several persons who arrived some 30 minutes after the accident testified to having seen skid and tread marks on the highway and the defendant seeks to draw from these marks inferences that the Mitchell car had gotten over to the northern side of the road. But these markings can have no probative effect whatsoever in view of the positive and undenied testimony that from the time of the accident until these witnesses arrived, traffic continued practically unimpeded on the highway, each car leaving its own tire marks with a story entirely unrelated to the Mitchell-Stolze tragedy.

No one can with retrospective omniscience reproduce all the movements of these two automobiles as they headed toward each other for a rendezvous with disaster. But there are sufficient physical facts here to prove to the satisfaction of any reasoning mind intent on fair-handed justice that Mrs. Mitchell came to her untimely end because of Hildred Knight Stolze's negligence. The imprint in the left front door of Mrs. Mitchell's car, fitting exactly into the contour of the Stolze headlamp, is evidence as convincing of the aggression of the Stolze car as a coin is the result of the imprint of its parent die.

The Mitchell car was painted blue, the Stolze car black. As the cars lay together on the highway after the accident it was noted that the front of the Stolze car carried stains of blue paint while streaks of black paint extended from the center of the grille of the Mitchell car, thence along its left front and left side to the center of the left door. These paint markings, added to the indentation above described, spelled out

even more conclusively the movement of the Stolze car toward and against the left front of the Mitchell car travelling on its own side of the highway.

These writings in steel on the Mitchell car, added to the position of Mrs. Mitchell's body and the location of the cars on the highway, narrate clearly the manner in which the accident occurred: while Mrs. Mitchell was driving eastwardly in her proper lane on the highway, Mrs. Stolze, probably in an attempt to countereffect the centrifugal force of her car moving on the outer tangent of the curve in the highway, swung sharply to the left. But whatever the cause for Mrs. Stolze's swinging to her wrong side of the road, Mrs. Mitchell, attempting to avoid a collision, swerved to the right, immediately decelerating speed and applying brakes, and she was struck on the left front by the Stolze vehicle. It is apparent that the Mitchell car was practically stopped when the mortal blow landed. Otherwise, as heretofore stated, Mrs. Mitchell's body would have fallen completely out of the car.

The case was well tried by able lawyers before an able judge who properly instructed the jury on the law applicable to the issues involved. We find no reversible error in the record.

Nor do we see any reason for disturbing the verdicts as recorded below. In the Survival action the jury returned a verdict in the sum of $21,045.50. In the Wrongful Death action the jury's verdict amounted to $15,711.62. The learned Trial Judge struck off $20,000 from the Survival Action verdict and allowed the amount of the Death Action verdict to remain intact. We find nothing to indicate that the Trial Judge abused his discretion in either instance. The judgment of the lower court is, therefore, affirmed.