Halpern *v.* Western Pennsylvania Chemical Company, Inc., Appellant.

Argued September 27, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

Martin Goodman, with him Alexander A. Notopoulos, for appellant.

T. Dean Lower, Esq., for appellees.

OPINION BY ERVIN, J., November 13, 1956:

This appeal is from the refusal of the court below to grant defendant's motion for a new trial after a verdict in favor of the plaintiffs in an action in assumpsit to recover damages for breach of a contract for the manufacture and sale of ammonia products.

Plaintiffs are engaged in the business of manufacturing chemicals and chemical products in Philadelphia, Pennsylvania. On Wednesday, August 20, 1952

Janet M. Stewart, office manager of the defendant, Western Pennsylvania Chemical Company, located in Altoona, Pennsylvania, called Julius Halpern, the owner and manager of Imperial Products Co., on the telephone to inquire about prices of certain ammonia products required by the defendant to fulfill a contract defendant held to supply the Commonwealth of Pennsylvania. After two telephone conversations between Miss Stewart and Julius Halpern in which Miss Stewart informed Halpern that defendant was in immediate need of the ammonia to fulfill their own contract requirements and discussion concerning prices and delivery or pick-up arrangements Halpern testified Miss Stewart concluded the second conversation by saying "O. K. we will send you an order." Under date of August 21, 1952 prices and terms were confirmed by letter from Halpern to defendant and under date of August 22, 1952 plaintiffs received Purchase Order No. A-1765 from the defendant requesting that an order be entered for immediate release from plaintiffs' plant, specifying in detail the quantities of aqua ammonia desired, outlining pick-up arrangements and advising manufacturing specifications. Later plaintiffs received a letter from defendant dated August 26, 1952 advising that it was necessary for defendant to cancel its purchase order No. A-1765 covering the aqua ammonia. There is considerable conflict in the testimony concerning an alleged demand by Halpern for a $500.00 advance payment on the order. Halpern testified he made mention of a $500.00 payment to Miss Stewart in their initial telephone conversation on Wednesday, August 20, and that she said she would see to it that a check would be sent to plaintiffs. This was denied by Miss Stewart. Miss Stewart and Mr. Moran, purchasing agent of defendant, testified Halpern demanded $500.00 on Mon-

day, August 25, 1952, before he would process the order. This was denied by Halpern. Moran testified the demand for $500.00 was the only reason for the withdrawal of the order. Halpern further testified that on the morning of August 26, 1952, in telephone conversation with Miss Stewart, he requested defendant to help him out with a little advance money and it was at that time Miss Stewart advised him the order was cancelled. Plaintiffs had been required to make immediate purchase of such items as bottles, labels and caps in order to complete the manufacture of the quantities of aqua ammonia ordered and have the order ready for pick-up by defendant as scheduled. Upon notice of cancellation plaintiffs took steps to return the ammonia and other items to their suppliers for credit and incurred additional expenses. Plaintiffs then brought suit to recover loss of profits on the sale and expenses incurred as a result of the cancellation by defendant. After jury trial a verdict was rendered for the plaintiffs in the amount of $1,056.24.

The principal question raised in this appeal is whether alleged errors and omissions in the charge of the trial court constitute basic and fundamental error and require a reversal of the lower court where only a general exception was taken to the charge. "Under a general exception to the charge of a trial judge we will consider only such alleged errors as are basic and fundamental (Albert v. Schenley Auto Sales, Inc., 375 Pa. 512, 100 A. 2d 605) and could not have been corrected at the trial. Steele v. France, 363 Pa. 165, 69 A. 2d 368." *Palmer v. Sunshine Family Laundry Service Co.,* 177 Pa. Superior Ct. 595, 597, 112 A. 2d 449.

Appellant contends the trial court committed basic and fundamental error in failing to instruct the jury as to the law concerning the weight of the evidence,

preponderance of the evidence and burden of proof. We have carefully read and analyzed the charge. While inadequate in certain respects the contention of appellant that the learned trial judge committed basic and fundamental error cannot be sustained when the charge is considered in its entirety. The charge contains a detailed analysis of the testimony of all the witnesses, carefully points out discrepancies, conflicts and inconsistencies therein and includes an accurate resume of the contentions and arguments of counsel. We believe the issues of fact were carefully presented to the jury in a clear and fair summary of the testimony and that the jury understood the principles of law involved in the case. It is true the charge fails to call attention to the fact the evidence must be clear and satisfactory or clear and precise. However, we believe this failure did not in any way prejudice the defendant when considered in the light of all the evidence. Moreover, considering the failure of counsel for the defendant to request that specific instructions on this point be given to the jury when he had the opportunity to do so at the conclusion of the charge, he cannot now complain. *Mathey v. Flory Milling Co.*, 283 Pa. 331, 129 A. 109.

It is noted the only specific reference to "burden of proof" contained in the charge is in the following excerpt: "Now the defendant argues that August 21st was the start of this business; they argue that if this plaintiff who knew his case was coming up here in Altoona, and upon whom the burden rested in proving his case, . . . ." Nor does the charge contain any reference to the requirement that the plaintiffs have the burden of proving their case "by the fair preponderance of the evidence." However, "absence of the use of the phrase 'by the fair preponderance of the evidence' does not, in a civil case, amount to reversible error, . . . ."

*Williams v. Woodard*, 171 Pa. Superior Ct. 479, 90 A. 2d 329. And pertinent and applicable on appellant's complaint of these omissions is the statement of Chief Justice MAXEY in *Se-Ling Hosiery, Inc. v. Margulies*, 364 Pa. 45, 51, 70 A. 2d 854: "The record sustains the view that the plaintiff successfully carried its burden of proof. That the jury believed plaintiff had done so is indicated by the verdict. We think it would be unfair to take away the verdict plaintiff secured merely because the trial judge in his charge as to plaintiff's burden of proof omitted the phrase 'by the fair preponderance of the evidence'. This slight departure from the formula customarily used in charging a jury in a civil case does not amount to reversible error, though the safest course for a judge in charging the jury in such cases would be to adhere to the long established formula and say that the plaintiff has the burden of proving his claim by the fair preponderance of the evidence."

In our view the errors of omission in the charge described above do not constitute basic and fundamental error. The admitted inadequacy of the charge could have been corrected at the conclusion of the charge by a request for specific instructions but counsel for defendant did not avail himself of the opportunity to do so. As stated by Justice STEARNE in *Koenig v. Flaherty*, 383 Pa. 187, 190, 191, 117 A. 2d 719: "Where, as here, no specific requests were made, and no specific exceptions taken to the charge, the court below will not be reversed except for fundamental error. Mere inadequacy is insufficient. A party may not remain silent and take his chances on a verdict and then, if it is adverse, complain of mere inadequacy which could have been corrected (citing cases)". See also *Savitz v. Gallaccio et al.*, 179 Pa. Superior Ct. 589, 118 A. 2d 282.

Appellant also contends "reference should have been made to the defendant's theory of the case, to wit, that the deposit demand was a rejection of defendant's offer and constituted a counter-offer on the part of the plaintiffs." The court below, in referring to the testimony of Mr. Moran, purchasing agent of defendant, states in the charge: "Mr. Moran stated that the demand for the $500.00 was the only reason for the withdrawal of this order, contending that this contract that had been entered into was broken by the plaintiff in demanding this advance payment." Considering all the conflicting testimony relating to this $500.00 item, and in view of all the evidence on the receipt of the order the above quoted excerpt properly presented the defendant's theory of the case to the jury. Moreover, by failure to request specific instructions appellant waived any objection that might have been made. *Fox v. Mulvaney,* 373 Pa. 498, 96 A. 2d 138.

Appellant also contends that an instruction to the jury to the effect that if they found for the plaintiffs then the plaintiffs would be entitled to certain elements of damage amounted to a directed verdict. This contention is specious. Nowhere in the charge is it stated or even inferred that if the jury found for the plaintiffs it had to award all the damages claimed.

Nor is there any merit to appellant's contention there was a fatal variance between the proofs and the pleadings on the issue of agency. This claim is based on the fact that appellees called Miss Stewart, office manager of appellant, as their witness and are therefore bound by her testimony that she had no authority to place orders with new suppliers. Appellant concludes there was thus no contract in force on the day appellees started ordering supplies and therefore no damages can be claimed resulting from orders for sup-

plies placed by appellees prior to the time contractual obligations arose between the parties. Appellees are bound by Miss Stewart's testimony only to the extent her testimony cannot be discredited or contradicted or if her testimony is allowed to stand alone and unchallenged. See *Knina v. Levine & Son*, 86 Pa. Superior Ct. 92. Moreover, considering the testimony and exhibits the jury was justified in finding that an order was placed and a contract completed on Wednesday, August 20, 1952.

Judgment affirmed.