Dixon *v.* McNamara et al., Appellants.

Argued November 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, ERVIN, and WATKINS, JJ. (WOODSIDE, J., absent).

*Thomas F. Weis*, with him *Weis & Weis*, for appellants.

*Sidney A. Baker*, with him *Krause & Boreman*, for appellees.

OPINION BY WRIGHT, J., December 9, 1958:

On April 6, 1950, at 2:30 p.m. Mrs. Louise L. Dixon was operating a motor vehicle west along the Lincoln

Highway in Allegheny County. As she approached the intersection of Route 686, she was required to stop her car because a car ahead of her had halted preparatory to making a left-hand turn. Mrs. Dixon's car was thereupon struck in the rear by a motor vehicle operated by Mrs. Catherine McNamara. Immediately thereafter the McNamara motor vehicle was struck in the rear by a motor vehicle operated by Charles P. Leiner, causing further contact between the NcNamara and Dixon motor vehicles. Mr. and Mrs. Dixon filed suit in trespass against Mr. and Mrs. McNamara and Mr. Leiner. At the trial on October 29, 1956, the plaintiffs were granted a voluntary nonsuit as to Mr. McNamara, who had passed away during the interval. The jury brought in verdicts against Mrs. McNamara and Mr. Leiner in the amounts, respectively, of $3,-120.92 in favor of Mrs. Dixon and $379.08 in favor of Mrs. Dixon. The defendants filed a motion for judgment n.o.v., and the plaintiffs filed a motion for a new trial. The grounds for the latter motion were first, that the verdict was inadequate and second, that the trial judge "erroneously charged the jury on the measure of damages". The court en banc refused defendants' motion for judgment n.o.v. but granted plaintiffs' motion for a new trial. The defendants have appealed, questioning only the grant of a new trial.

While one who appeals from the grant of a new trial assumes a very heavy burden, the action of the court below may properly be reversed if the trial court acted on an erroneous rule of law which is certified as the sole reason for the granting of a new trial: *Mozino v. Canuso*, 384 Pa. 220, 120 A. 2d 300. In the case at bar the trial judge filed a certificate which reads as follows: "I hereby certify that the sole and exclusive reason for the granting of a new trial in the above captioned case was that the Trial Court failed

to instruct the jury that the plaintiffs were required to establish their case as to damages by the fair preponderance of the evidence". Appellants' position is that, if plaintiffs' counsel was not satisfied with the charge in this regard, he had an opportunity to request such an instruction and failed to do so.

Our examination of this record discloses that the case was fairly tried by an able judge and that his charge to the jury was entirely adequate. If anything, the charge as to damages favored the plaintiffs because the question of burden of proof was discussed only in that portion of the charge which related to liability. The charge as to damages placed no burden of proof on the plaintiffs whatsoever. The theme of the charge was to the effect that, if the jury found the defendants negligent, then the defendants were responsible for the damages suffered by the plaintiffs.[1]

In *Halpern v. Western Pennsylvania Chemical Co.*, 182 Pa. Superior Ct. 354, 126 A. 2d 502, it was pointed out that, under a general exception to the charge, the appellate court will consider only errors which are fundamental and which could not have been corrected at the trial; further, that failure to use the phrase "by the fair preponderance of the evidence" does not amount to reversible error. A party may not remain silent and take his chances on a verdict and then, if it is adverse, complain of mere inadequacy which could have been corrected: *Lyons v. Wargo*, 386 Pa. 482, 126 A. 2d 411. In the case at bar, at the conclusion of his charge, the trial judge inquired whether counsel had "any suggestions, corrections, or alterations". There

---

[1] "If you find, however, circumstances to show that the Defendants or either of them are liable, then we next address ourselves to the question of damages. Now, in a case where you have a tort of this character, if you determine that the Defendants or either of them are liable, then the damages are . . ."

follows a colloquy which covers over seven pages in the printed record, and failure to instruct the jury that the plaintiffs were required to establish their case as to damages "by the fair preponderance of the evidence" was in no way mentioned.

The order of the court below granting a new trial is reversed, and it is directed that judgments be entered on the verdicts. Cf. *Matthews v. City of Pittsburgh et al.*, 394 Pa. 180, 146 A. 2d 294.