## Wenham Transportation, Inc., Appellant, *v.* Radio Construction Co., Inc.

Argued April 14, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Thomas F. Weis,* with him *Weis & Weis,* for appellant.

*Robert S. Grigsby,* with him *Pringle, Bredin & Martin,* for appellee.

OPINION BY HIRT, J., September 16, 1959:

About 4:30 in the morning of May 27, 1952 plaintiff's driver was proceeding eastwardly on alternate Route 5 known locally as The West Lake Road in Erie County. The spacious covered trailer drawn by plaintiff's tractor contained a cargo of freight weighing over 12 tons, for delivery to a consignee in New York State. The defendant's truck was being driven westwardly on Route 5 when, at a point about 5 miles west of the City of Erie, the two vehicles came into collision to the admitted damage of plaintiff in the sum of $1,500. In this action the jury found for the plaintiff in that amount. The lower court however, on defendant's mo-

506

tion, granted a new trial and this, the plaintiff's appeal, is from that order.

In *Jones et vir v. Williams*, 358 Pa. 559, 564, 58 A. 2d 57, Mr. Chief Justice MAXEY said: "While this Court usually supports the action of the trial court in granting or refusing a new trial we do not entirely abdicate our reviewing functions in such cases. This Court, too, has the duty to determine from the record whether or not the jury's verdict was so contrary to the evidence as to shock one's sense of justice and to make the award of a new trial imperative so that right may be given another opportunity to prevail." And in *Decker v. Kulesza*, 369 Pa. 259, 263, 85 A. 2d 413, it is said; "While an award of a new trial is an inherent power of the court and its exercise is a matter of discretion, the discretion is not an absolute one and it is the duty of this Court to review and determine whether there has been an abuse of discretion." Our Court has recognized the principle and has given it effect, e.g., in *Ropele v. Stewart*, 185 Pa. Superior Ct. 522, 531, 137 A. 2d 895. That case as well as *Decker v. Kulesza*, supra, on the facts, have much in common with the instant case, and in all three of the above cited appeals the awards of new trials were reversed and judgments were directed to be entered on the verdicts. The instant appeal clearly is in the same class.

There are some inaccurate statements, in the opinion of the lower court, upon which a new trial was granted. Alternate Route 5, as the photographs in evidence show is more than "ten to twelve feet wide", as accepted by the lower court from an inadvertent statement of one of the witnesses. In fact this highway, the original Route 5, is one of two busy arteries of east and west travel between Cleveland and Buffalo. Including gravel berms it is 42 feet in width with a concrete pavement 22 feet wide. In normal driving the paved portion is

entirely adequate for two vehicles of the maximum width allowed by law to pass each other in safety.

In the light of the verdict we must take it as established that plaintiff's driver, one Arthur E. Waller, was alert to the attending circumstances. There was a broken white line marking the center of the pavement; and he was traveling with his tractor and trailer entirely within the right lane, headed east. It was still dark, but the morning was clear and the pavement dry. He observed the lights of approaching vehicles. from the east. It later developed that what he saw were the lights of three vehicles owned by the defendant which were proceeding close together as they were being driven westwardly on the highway. Immediately after the foremost vehicle passed, the middle truck suddenly left its lane of travel and crashed into the left front of plaintiff's tractor. Waller testified that the incident came without warning and so suddenly that he never actually saw the truck before the impact. He testified: "I met the other [the first of the three] cars; saw a flash of light and the crash occurred after the other car went by." The photographs in evidence showing the position of the two vehicles at rest corroborate Waller to the effect that the collision occurred in the east bound traffic lane. This is a case where circumstantial evidence may properly be considered on the question of defendant's negligence. When "the general situation and circumstances . . . are such as to satisfy reasonable and well-balanced minds that the accident resulted from the negligence of the party charged, liability attaches": *Tucker v. Pittsburgh, Etc., Ry. Co.*, 227 Pa. 66, 75 A. 991. Cf. *Mitchell, Admr. v. Stolze*, 375 Pa. 296, 298, 100 A. 2d 477. Immediately after the impact plaintiff's vehicle came to rest with the tractor and the front end of the trailer almost entirely on the berm, headed east, and the left rear wheels on

the pavement near its south edge. Defendant's truck came to rest heading southwest with its front bumper almost ½ way across the east lane of the pavement. Broken glass, metal debris and liquid on the pavement at this point tended to identify it as the place of impact. This circumstantial evidence was particularly impressive with the jury in view of the testimony that plaintiff's tractor and trailer with its load weighed about 42,000 pounds; these vehicles were not likely to be pushed around by a truck weighing much less. Since we must accept the above reasonable testimony as verity, we need not refer to the testimony on behalf of the defendant except to say that defendant's witnesses on the question of negligence were discredited by prior inconsistent statements. Moreover the credibility of all witnesses was for the jury.

The court, as one of the reasons for a new trial, stated that the defendant may have been prejudiced by the failure of the court to limit the effect of the rebuttal testimony to impeachment of plaintiff's witnesses in chief. The court stated that it had refused a request from defendant to so limit the effect of the testimony. The record does not bear out the statement. But in any view, in the absence of a specific request to so charge, the defendant may not now complain. *Lyons v. Wargo,* 386 Pa. 482, 126 A. 2d 411; *Halpern v. Western Pa. Chemical Co., Inc.,* 182 Pa. Superior Ct. 354, 126 A. 2d 502.

Finally, the court in ordering a new trial stressed, as error, the fact that the witness, whose testimony was taken on depositions, were not sworn. The court thus overlooked the fact that on page 23 of the transcription it was "stipulated between counsel that the testimony of these witnesses be received as if sworn." In any view, there is no merit in this as one of the reasons for a new trial. In the absence of objection made

at the time of taking of the depositions, the error, if such be assumed, must be considered waived. Goodrich-Amram, §4016(c).

Order reversed and judgment is directed to be entered on the verdict.