Robert T. **GEBHARDT**, Administrator of the Estate of James Glenn Martin, Deceased,

v.

**WILSON FREIGHT FORWARDING COMPANY**, a Corporation,

and

Regis G. Lostetter, Administrator of the Estate of Richard R. Lostetter, Deceased.

Wilson Freight Forwarding Company, a Corporation, Appellant.

No. 15003.

United States Court of Appeals Third Circuit.

Argued Feb. 15, 1965.

Decided July 12, 1965.

Samuel M. Rosenzweig, Pittsburgh, Pa. (Arthur E. Siegel, Cincinnati, Ohio, on the brief), for appellant.

Paul E. Moses, Evans, Ivory & Evans, Pittsburgh, Pa. (Robert B. Ivory, Pittsburgh, Pa., on the brief), for plaintiff-appellee.

William J. Lancaster, Pittsburgh, Pa., for defendant-appellee.

Before KALODNER and SMITH, Circuit Judges, and KIRKPATRICK, District Judge.

WILLIAM F. SMITH, Circuit Judge.

The plaintiff brought this action under the Wrongful Death Act, 12 P.S. § 1601 and the Survival Act, 20 P.S. § 320.601 of Pennsylvania. He joined as defendants Wilson Freight Forwarding Co., a corporation, and the Administrator of the Estate of Richard R. Lostetter, deceased. The said Administrator filed an answer to the complaint and, in addition, a cross-claim in which he joined as a defendant only the said corporation. The

defendant filed separate answers in each of which it denied liability and alleged in effect that the sole cause of the accident, to which reference is hereinafter made, was the negligence of the decedent Richard Lostetter, the driver of the automobile in which the decedent James Martin was a passenger. We shall refer to the parties as plaintiff, cross-claimant, and defendant.

█ The trial of the action resulted in a jury verdict in favor of the plaintiff and against the defendant, and a similar verdict in favor of the cross-claimant, on each of which a judgment was entered. The defendant made a motion for the entry of judgment notwithstanding the verdict and, in the alternative, for a new trial on the grounds that the evidence was insufficient to support the verdicts and that the verdicts were contrary to the weight of the evidence. The motion was denied and this appeal followed. The appeal is not from the judgment but from the denial of the motion. The defendant seeks reversal solely on the grounds urged in the court below in support of its motion for a new trial. The scope of review is therefore limited.

The decedents were fatally injured when an automobile in which they were occupants, one as a driver and the other as a passenger, collided with a tractor-trailer owned by the defendant and driven by one Thurman Korns, an employee. The accident happened early in the morning of September 2, 1962, on a curve in the highway at a point approximately five miles west of Shellsburg, Bedford County, Pennsylvania. At this point the paved portion of the highway is twenty feet wide and is divided into two lanes, delineated by the usual dual lines. The north and south sides of the highway are bordered by traversable berms six to eight feet in width. At the time of the collision the weather was slightly inclement and the roadway was wet.

The only eyewitness to the collision was the driver of the tractor-trailer but even with his testimony the evidence as to the manner in which the accident happened is somewhat meager. It sufficiently appears therefrom that prior to the collision the vehicles were proceeding in opposite directions, the automobile in the eastbound lane and the tractor-trailer in the westbound lane. It also sufficiently appears from the physical evidence, the damage to the respective vehicles, and the testimony of the driver, that the left side of the automobile rearward collided with the left front of the tractor-trailer.

After the accident the tractor-trailer, facing in an easterly direction, came to rest in a field on the south side of the road; the automobile, facing in a westerly direction, came to rest on the berm of the eastbound lane. The debris was scattered over the roadway but the larger portion of it was in the westbound lane. The plaintiff and cross-claimant contended in the court below that at the time of the impact the tractor-trailer was in the eastbound lane on its wrong side of the highway; the defendant contended to the contrary.

█ According to his testimony the driver of the tractor-trailer first saw the automobile on the curve, fifty feet ahead, at which point it was skidding sideways,[1] its front facing in a southerly direction. He testified on cross-examination that his range of view extended ahead for a distance of approximately 150 feet. He further testified that this view was partially obstructed by a vehicle proceeding eastwardly approximately 100 feet ahead of the automobile in which the decedents met their death. This explanation is in conflict with his answer to an interrogatory propounded by the plaintiff prior to trial. The testimony of the driver as to what happened after he first saw the au-

1. It is the law of Pennsylvania that proof that a vehicle skidded will not support an inference of negligence in the absence of evidence that the skidding was caused by the negligent conduct of the driver. Matkevich v. Robertson, 403 Pa. 200, 169 A.2d 91, 93; Richardson v. Patterson, 368 Pa. 495, 84 A.2d 342, 343. There was no such evidence in this case.

tomobile and before the collision is uncertain.

■■■ The decedent driver must be presumed to have exercised reasonable care for his own safety and that of his passenger in the absence of evidence in the record to the contrary. Newsome v. Baker, 395 Pa. 99, 148 A.2d 906, 908 (1959) and other cases herein cited. This presumption in and of itself was of no significant probative value and did not relieve the plaintiff and cross-claimant of the burden of proving the defendant's negligence by a fair preponderance of the evidence. Moore v. Esso Standard Oil Co., 364 Pa. 343, 72 A.2d 117 (1950); Klink v. Harrison, 332 F.2d 219, 228 (3rd Cir. 1964) and the cases therein cited.

Proof of the defendant's negligence rested entirely on the evidence as to the physical facts, and particularly the location of the tractor-trailer after the accident. The defendant's case rested primarily on the testimony of the driver of the tractor-trailer. This testimony was sufficiently uncertain, at least in part, to create in the minds of the jurors some misgiving as to the credence and weight to be given it. This misgiving may have been given further emphasis by the testimony of a disinterested witness who arrived on the scene shortly after the accident occurred. He testified that when the driver was asked "how the accident had happened," he replied, "I do not know."

■ We are of the opinion that under the circumstances the jury was not required to accept the testimony as wholly true; the jurors, as the sole arbiters of issues of credence and weight, had a right to consider the testimony in light of the other evidence and to discard such portions of the testimony as it found either incredible or lacking in persuasive weight. Wooley v. Great Atlantic & Pacific Tea Company, 281 F.2d 78, 80 (3rd Cir. 1960) and the cases therein cited; Yurkonis v. Dougherty, 382 Pa. 387, 115 A.2d 193, 195–196 (1955). The argument of the defendant to the contrary is without merit.

The defendant challenges on this appeal, as it did in the court below in support of its motion for a new trial, the sufficiency of the evidence to support the verdicts. This challenge is precluded by the defendant's failure to comply with rule 50(a) Fed.Rules Civ.Proc., 28 U.S.C.A. An examination of the original record discloses that at the close of the evidence offered by the plaintiff the defendant made a motion "for a compulsory non suit" which we here treat as analogous to a motion for a directed verdict under the rule. The motion was denied and the defendant then offered evidence in support of the defenses pleaded in its answers. The motion was not renewed at the close of all the evidence. The defendant made no motion for a directed verdict at the close of the cross-claimant's case or at the close of all the evidence.

■■ The failure of the defendant to move for a directed verdict against the plaintiff and cross-claimant at the close of all the evidence foreclosed its right to raise on appeal any issue as to the sufficiency of the evidence and also its right to move for judgment notwithstanding the verdict. Massaro v. United States Lines Company, 307 F.2d 299, 303 (3rd Cir. 1962); Budge Manufacturing Co. v. United States, 280 F.2d 414, 416 (3rd Cir. 1960). This Court and others have uniformly held that the introduction of evidence after the denial of a motion for directed verdict constitutes a waiver of the error, if any, in the denial unless the motion is renewed at the close of all the evidence. Ibid; Pruett v. Marshall, 283 F.2d 436, 438 (5th Cir. 1960); Rotondo v. Isthmian Steamship Co., 243 F.2d 581, 582 (2nd Cir. 1957); Fleming v. Lawson, 240 F.2d 119, 120 (10th Cir. 1956); 5 Moore's Federal Practice ¶ 50.05, pp. 2322–23. The court below may not be held to have erred on an issue which was not properly raised.

■ However, the disposition of the question raised by the defendant need not rest on the procedural ground alone. If the question were still open we would be compelled to conclude that the evi-

dence, viewed in the light most favorable to the plaintiff and cross-claimant, was sufficient to justify the submission of the issue of negligence to the jury. See Klink v. Harrison, supra, 332 F.2d 225; Benner v. Weaver, 394 Pa. 503, 147 A.2d 388 (1959); Mitchell v. Stolze, 375 Pa. 296, 100 A.2d 477 (1953); Wenham Transportation, Inc. v. Radio Const. Co., 190 Pa.Super. 504, 154 A.2d 301 (Super. Ct.1959); but see Satovich v. Lee, 385 Pa. 133, 122 A.2d 212 (1956). The last cited case, relied on by the defendant, is distinguishable. Therein the court held, 122 A.2d at page 214, "Both cars were so close to the center line that there can be nothing but conjecture with respect to their positions when they collided." The vehicles in the instant case came to rest south of the eastbound traffic lane, the automobile on the berm and the trailer-tractor in a field beyond the berm, approximately twenty feet or more from the dividing lines.

■ The plaintiff seems to argue, although it is not entirely clear from the brief, that the verdict was against the weight of the evidence and that the denial of its motion for a new trial based on this ground was error. The issue raised by this argument, which must be decided under federal law, requires only brief discussion.

■ The defendant argues that the evidence upon which it relied in the trial of the action preponderates in its favor. This argument cannot avail the defendant on this appeal. It is the function of the jury, as the fact finding body, to weigh the evidence and inferences. Byrd v. Blue Ridge Rural Elec. Cooperative, 356 U.S. 525, 537, 78 S.Ct. 893, 901, 2 L.Ed.2d 953 (1958). It is therein stated:

"The federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence—if not the com-

mand—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury."

■ If the evidence in the record, viewed from the standpoint of the successful party, is sufficient to support the jury verdict, a new trial is not warranted merely because the jury could have reached a different result. Jarrell v. Ford Motor Company, 327 F.2d 233, 234–235 (4th Cir. 1964); Land O' Lakes Creameries, Inc. v. Hungerholt, 319 F. 2d 352, 360 (8th Cir. 1963); Armco Steel Corp. v. Realty Investment Co., 273 F.2d 483, 488 (8th Cir. 1960); Bolan v. Lehigh Valley R. R. Co., 167 F.2d 934, 937 (2nd Cir. 1948). Neither the trial court nor this Court may substitute its judgment for that of the jury on disputed issues of fact. Ibid.

The judgment of the court below will be affirmed.