## Williams, Appellant, *v.* Woodard.

Argued April 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Kenneth W. Rice,* for appellants.

*Robert L. Walker,* with him *Humes & Kiebort,* for appellees.

OPINION BY GUNTHER, J., July 17, 1952:

This assumpsit action arose out of the issuance of a writ of foreign attachment. Appellants, husband and wife, sought to recover of Kersey Woodard and Laura S., his wife, appellees, the sum of $875 representing the purchase price of certain electrical reducing equipment. A jury rendered a verdict for appellees. This appeal is from the dismissal by the court en banc of appellants' motion for a new trial in which they complained of inadequacy of the trial judge's charge to the jury.

In view of the disposition we hereinafter make, it becomes unnecessary to recite the facts in detail. Suffice it to say that the complaint averred, inter alia, that Anita Williams gave defendant a check for $875 for the purchase of certain electrical reducing equipment, on condition that her husband approve the purchase;

that fraud was present and that certain misrepresentations were made; that express warranties had been made by appellees which were breached. Appellees' answer denied all material averments of the complaint.

Appellants contend that the charge of the trial judge was so inadequate as to constitute basic and fundamental error requiring the grant of a new trial. There is merit to this contention. Although a general exception only was taken to the charge, it is settled that where basic and fundamental error has been committed, a general exception will suffice. Cf. *Capristo v. Gross*, 133 Pa. Superior Ct. 61, 1 A. 2d 575; *Patterson v. Pittsburgh Railways Co.*, 322 Pa. 125, 128, 185 A. 283; *DiPietro v. Great Atlantic and Pacific Tea Co.*, 315 Pa. 209, 173 A. 165.

Upon a reading of the entire charge, there appear numerous instances wherein this charge was not only erroneous but woefully inadequate. The pleadings and testimony disclosed that the subject matter was contractual in nature but the court below, on the pertinent law of contracts, charged only that "A contract is an agreement upon a sufficient consideration to do or not to do a particular thing". On the ever elusive subject of fraud and misrepresentation raised by the record, the court below was equally terse. The complete charge on these subjects was as follows: "Fraud and misrepresentation are never presumed—they have to be proven". This represents a fair summary of the charge on the issues of law. No instructions were given concerning executory and executed contracts, conditions precedent and subsequent or express warranties despite the fact that the pleadings and testimony of the witnesses called loudly for such instructions.

The charge of the court below on the question of burden of proof was insufficient and afforded no "guide or compass" to the jury in appraising or weighing the

evidence adduced. The charge on the burden of proof reads in its entirety as follows: "Now, you have seen the witnesses on the stand and you have heard their testimony and as I said in the beginning, you must take the facts from the witnesses on the stand. There is a burden resting upon the plaintiffs in this case to make out the testimony by the weight of the evidence, and you are to determine the weight of the testimony by the appearance of the witnesses on the stand, their manner of testifying, their knowledge of the facts that they testified to and you are to try it all by your own good judgment and common sense. When you come to weigh the testimony of the parties to the suit, you must remember they are parties to the suit directly interested in the result of your verdict. It doesn't follow because of that fact that their testimony is entitled to less weight than that of a wholly disinterested witness, but the circumstances must be taken into consideration in determining the weight to be given to their testimony." It is clear from a reading of this portion of the charge that the words "weight of the evidence" and "burden of proof" were not explained in light of the evidence and although absence of the use of the phrase "by the fair preponderance of the evidence" does not, in a civil case, amount to reversible error, the safest course for a judge in charging a jury in such cases would be to adhere to the long established formula and say that the plaintiff has the burden of proving his claim by the fair preponderance of the evidence. *Se-Ling Hosiery, Inc., v. Margulies,* 364 Pa. 45, 48, 51, 70 A. 2d 854. Inadequacy of the charge on the question of burden of proof coupled with the wholly inadequate instructions mentioned above make the charge generally inadequate so as to require a new trial. RHODES, P. J., in *Archer v. Pa. Railroad Company,* 166 Pa. Superior Ct. 538, 541, 72 A. 2d 609, has fully set forth the duties of a trial judge in charging the jury.

He said: "The primary duty of a trial judge in charging a jury is to clarify the issues so that the jury may comprehend the questions they are to decide. De Reeder v. Travelers Insurance Co., 329 Pa. 328, 336, 198 A. 45. If the charge is wholly inadequate or not clear, or has a tendency to mislead and confuse rather than to clarify the issues, a new trial will be granted. Randolph v. Campbell, 360 Pa. 453, 458, 62 A. 2d 60. The functions of a trial judge embrace not only the duty to state to the jury correct principles of law applicable to the pending case and to endeavor to make such principles understandable in plain language, but they also impose upon the judge the duty to assist the jury in applying those principles to the issues presented to them for determination. Kindt v. Reading Co., 352 Pa. 419, 429, 43 A. 2d 145. See Tietz v. Philadelphia Traction Co., 169 Pa. 516, 32 A. 583." We are all agreed that the charge, considered in its entirety, is so inadequate that the jury was without "guide or compass".

Judgment is reversed with a venire facias de novo.