420 A.2d 1084

**Thomas TAKACH and Mary D. Takach, his wife,**

v.

**B. M. ROOT COMPANY, Appellant,**

v.

**EASTERN WOOD PRODUCTS COMPANY,
Additional Defendant.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed June 6, 1980.

Lester L. Greevy, Jr., Williamsport, for appellant.

Richard Gahr, Williamsport, submitted a brief on behalf of Thomas Takach and Mary D. Takach, appellees.

C. Edward Mitchell, Williamsport, will not file a brief on behalf of Eastern Wood Products.

Before PRICE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is a products liability case. The principal issue is whether the defendant should be granted a new trial.

Thomas Takach, an employee for Eastern Wood Products Company, operated a machine that bored holes into wooden pallets manufactured by his employer. The procedure in operating the machine was as follows: First, the operator placed a pallet on a hydraulically–operated table. Then, he pressed a footswitch to raise the table to meet the drills, which bored holes in the pallets. The drilling spindles ran continuously during the operation. Once the pallet was drilled, the table automatically returned to starting level. The operator then took the pallet off the table and placed it on a pile to one side of the machine. On March 24, 1972, Takach was working at one of these machines. He took a drilled pallet off the table, turned to his left, and caught the glove of his left hand in one of the drills. The glove flew off, taking with it part of his left thumb.

Takach filed a complaint against B.M. Root Company, manufacturer of the boring unit (rail frame, drive shaft and spindles), alleging strict liability, as stated in the Restatement (Second) of Torts § 402A, breach of warranty, negligence, and gross negligence. Root joined Eastern Wood Products as additional defendant, alleging that in installing the boring unit supplied it by Root, Eastern Wood had been

negligent in that it had left the drills in the unit exposed and unguarded. As against Takach, Root pleaded the defense of assumption of risk, and Eastern Wood pleaded the defense of contributory negligence, both defenses being based on Takach's use of gloves while working at the machine. The jury, by special verdict, found Root and Eastern Wood liable, and found that Takach neither assumed the risk nor acted with contributory negligence by wearing gloves. Root filed a motion for judgment n. o. v. or new trial. The lower court denied the motion, and Root has appealed.

Root argues that the trial judge erred in charging the jury on Root's defense of assumption of risk, in particular, in telling the jury that it should not find that Takach had assumed the risk of the accident unless it found that the accident would not have happened but for his use of the gloves.*

The charge was as follows:

. . . It's the contention of B.M. Root as to the assumption of risk—well, the contention of B.M. Root as to the assumption of risk relates to the use of gloves by the Plaintiff, and the questions here are these: Did the use by the Plaintiff of gloves as he worked with this drilling machine in the vicinity of the exposed drills, did that use of the gloves involve a substantial and unjustifiable risk of injury to him. Secondly, was his use of the gloves voluntary, his personal choice? Third, was he specifically aware of the hazard involved in using the gloves near the bits? That is a risk which was the subject of testimony; when there was contact, it being drawn into the machine. It would not be enough that he should have known or that

* Root has made four other arguments: 1) that the lower court erred in denying its motion for summary judgment and nonsuit; 2) that the court erred in denying several requested points for charge; 3) that the court erred in charging the jury that Root was "guarantor" of product safety; and 4) that Takach assumed the risk as a matter of law. The fourth of these arguments is without merit, and requires no discussion except to say that the evidence presented factual issues that required submission to the jury. We find it unnecessary to consider the other three arguments.

a reasonable person would have known of that risk. What is necessary is that he had specific awareness of that risk at that time, and fourth, was his use of the gloves cause of the accident, that is, would the accident not have happened *but for* his use of the gloves?

Now, if you answer all of those questions adversely to the Plaintiff, then the defense of assumption of risk would protect the Defendant from any liability. If you answer any of them favorable to the Plaintiff, then that defense would not be available, and the burden of proof is on the Defendant, B.M. Root. Let me just go over it again. Before the defense of assumption of risk could exist, you'd have to address yourself to these questions: Did the use by the Plaintiff of gloves near the exposed drills involve a substantial and unjustifiable risk of injury to him? Secondly, was his use of the gloves voluntary, his own ·choice? Third, was he specifically aware of the hazard, and it would not be enough that he should have known or that a reasonable person would have known. Did he specifically realize the risk of using the gloves, and fourth, was his use of the gloves the cause of the accident in that the accident would not have happened *but for* his use of the gloves.

(R. 78a–79a, emphasis added.)

Counsel for Root excepted to this charge, stating:

. . . we object to the but for. We think that the proper concept is the proximate cause concept, rather than the but for concept.

(R. 86a)

 It is settled that the standard of legal causation is not "but for" but "substantial factor." *See Whitner v. Von Hintz,* 437 Pa. 448, 263 A.2d 889 (1970), approving the Restatement (Second) of Torts § 431, which provides:

The actor's negligent conduct is a legal cause of harm to another if:

(a) his conduct is a substantial factor in bringing about the harm, and

(b) there is no rule of law relieving the actor from liability because of the manner in which his negligence resulted in the harm.

On Root's motion for new trial, the lower court acknowledged that the "substantial factor" standard "would have been more appropriate than the 'but for' standard actually charged." (Slip op. at 13) The court held, however, that a new trial was not required because the two standards are not significantly different.

We are unable to accept this reasoning. The "but for" standard is a *de minimis* standard of causation, under which even the most remote and insignificant force may be considered the cause of an occurrence:

At most this [the "but for" standard] must be a rule of exclusion: if the event would not have occurred "but for" the defendant's negligence, it still does not follow that there is liability . . . It should be quite obvious that, once events are set in motion there is, in terms of causation alone, no place to stop. The event without millions of causes is simply inconceivable; and causation alone can provide no clue of any kind to singling out those which are to be held legally responsible.

Prosser, Law of Torts (4th ed. 1971), p. 238–39.

Thus, the "but for" standard is only one element of the "substantial factor" standard. First, it must be proved that *but for* the negligence, the harm would not have occurred, and then it must be proved that in addition, the negligence was a *substantial factor* in bringing about the harm. Accordingly, contrary to the lower court's statement, the two standards are significantly different.

We recognize the force of Judge LIPEZ's argument in dissent, that since the "but for" standard is less exacting than the "substantial factor" standard, Root was not prejudiced by the trial judge's error–in other words, that by telling the jury to apply the "but for" standard, the trial judge made it easier for the jury to find assumption of risk than if he had told the jury to apply the "substantial factor" standard. If we were satisfied that the jury understood

that the "but for" standard was less exacting than the "substantial factor" standard, we should yield to Judge LIPEZ's argument, and join his conclusion that a new trial is not required. However, we are not so satisfied. Rather, we believe it at least possible that the jury thought that the "but for" standard was more exacting than the "substantial factor" standard, and accordingly, that in appraising Root's defense of assumption of risk, it imposed too heavy a burden of proof on Root.

"But for" is not obviously a legal expression. Having been given no explanation of it by the trial judge, the jurors may have reasoned as follows: "What can this expression 'but for' mean? Since the judge didn't tell us, apparently he expects us to know, from everyday speech. Someone might say, '*But for* the rain, I'd have gone to the picnic.' That's just another way of saying, 'Except for the rain, I'd have gone to the picnic.' In other words, 'The *only reason* I didn't go, was the rain.'" Thus the jurors may have decided that they should not find that Takach had assumed the risk of the accident unless they also found that his use of the gloves was the only reason for, or sole cause of, the accident.

Even if the jury did not misunderstand "but for" to mean "only reason," or "sole cause," still, at the very least it must have found the charge confusing. Others have remarked on the confusion inherent in the expression "but for." Thus it has been observed:

> This "but for" requirement adds nothing to the substantial factor test, and frequently serves only to confuse. In a large percentage of cases where causation is a significant issue because of the concurrent negligence of more than one actor, the "but for" test is inaccurate since both actors may be responsible even though the accident would have occurred in the absence of the acts of either one of them . . . .

> Pennsylvania Standard Jury Instructions, Subcommittee Draft § 3.25, Subcommittee Note, pp. 42–43 (October 14, 1973).

Here, causation was indeed a significant issue. Before the jury was evidence of several possible causes of negligence, by defendant Root, additional defendant Eastern Wood Products, and plaintiff Takach himself. Moreover, in deciding whether a charge was confusing, we must take a broad view:

[W]e must not take the challenged words or passage out of the context of the whole charge, but must look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.

*Whitner v. Von Hintz, supra*, 437 Pa. at 454, 263 A.2d at 892, *citing Wilson v. Penna. Railroad Co.*, 421 Pa. 419, 422, 219 A.2d 666, 668 (1966); *James v. Ferguson*, 401 Pa. 92, 97, 162 A.2d 690, 693 (1960). So viewing the charge here, one will note that with respect to Takach's claims against Root (R. 76a) and Eastern Wood Products (R. 80a), and also with respect to Eastern Wood Product's claim of contributory negligence (R. 80a–81a), the judge gave the correct "substantial factor" instruction, but with respect to Root's claim of assumption of risk, he twice gave the incorrect "but for" instruction (R. 78a–79a). This inconsistency could only have further confused the jurors, for they must have wondered why they had thus been told that different standards should be applied to the respective claims of the different parties.

The lower court also held that the trial judge's error in charging on the "but for" standard was shown to be harmless error by the jury's answer to Special Jury Question No. 6, which asked:

6. Defense of contributory negligence.

Was plaintiff guilty of negligence which was a substantial factor in causing his own injury?

Again, however, we are unable to accept the lower court's reasoning. Although Question No. 6 did use the correct "substantial factor" standard, we do not believe that it could

have served to clarify the issue of causation. The question was in reference to Eastern Wood Product's contributory negligence defense, not Root's assumption of risk defense. Furthermore, even if the jurors were alert to the absence of any reference to the "but for" standard in the jury questions, it is highly improbable that they understood this absence to mean that the references to the "but for" standard by the trial judge during his charge were therefore to be disregarded. If anything, they were probably confused even more by the jury questions.

■ Where jurors have been misled or confused by a particular charge, a new trial should be granted. *National Products Co., Inc. v. Atlas Financial Corp.*, 238 Pa.Super. 152, 158 n.1, 364 A.2d 730, 733 (1975); *Williams v. Woodward*, 171 Pa.Super 479, 481, 90 A.2d 329, 331 (1952).

The judgment of the lower court is reversed and the case is remanded for a new trial.

LIPEZ, J., files a concurring and dissenting opinion.

LIPEZ, Judge, concurring and dissenting:

The majority recognize that the "but for" standard is less exacting than the "substantial factor" standard, (and hence should require a lesser burden of proof); nevertheless by making certain assumptions as to the jurors' understanding (which obviously is not of record) the less exacting becomes the more demanding. Such illogic should not stand and I therefore dissent.

I shall now consider the issues raised by appellant in light of what the record alone shows.

1.

I agree that the trial court erred in charging the jury that, in order to find that Takach has assumed the risk of his injury, they must first find that the accident would not have happened but for the fact that he was wearing gloves. *See*

*Whitner v. Von Hintz*, 437 Pa. 448, 453–60, 263 A.2d 889, 892–95 (1970). The correct formulation would have indicated to the jury that, in the determination of whether he had assumed the risk, they would be required to find that the wearing of the gloves was a substantial factor in bringing about the accident.[1] I conclude, however, that the error was actually favorable to Root and at most harmless. Since "assumption of risk" is an affirmative defense, 27 P.L.E. § 191 at 281, and since a cause in the "but for" sense may yet be "so significant that no ordinary mind would think of it as a cause for which [an actor] should be held responsible[,]" *Ford v. Jeffries*, 474 Pa. 588, 594–95, 379 A.2d 111, 114 (1977), (that is, as a legal cause, or substantial factor) the charge to the jury utilizing the "but for" test actually required that Root have shown less than the "substantial factor" standard.

The majority, by indulging in what they think might be jurors' thought processes, substitute "but for" for "only reason", and finally, "sole cause." Of course, given the proper premise, the result can be predicted. I see no reason for a court to indulge in such speculation. I give the composite thinking of jurors more credit for their understanding of the meaning of plain words, as well as their good common sense, than the majority is willing to do.

2.

Root asserts that section 402A[2] does not apply to the facts of the instant case because Root did no more than sell,

[1] Root challenges also the court's use of the word "accident," maintaining that "injury" should have been used, because Takach's hand would have touched the spindle regardless of whether he had worn a glove, but the harm would probably have been less severe. "Accident" is used in the Pennsylvania Standard Jury Instruction on legal cause, *Pa.Std. Jury Instructions § 3.25*, and we find no error in the trial court's adhering thereto.

[2] § 402A. Special Liability of Seller of Product for Physical Harm to User of Consumer

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject

to Eastern parts which Eastern later incorporated into a completed machine (thereby changing substantially the nature of the items sold), and so the court below erred in denying Root's motions for summary judgment and for non—suit. The issue whether the items sold by Root were substantially changed by Eastern was one of fact, however, and for the jury. They were instructed thereon, and, having apparently found against Root on this issue, properly applied section 402A. Denial of Root's motions was therefore proper.

### 3.

Root's claim that the trial court improperly refused eleven of its requested points for charge is without merit.

Denial of the two requested binding points was proper, since, upon review of the record, I conclude that there was evidence on which the jury could properly find for Takach. No separate charge on superseding or intervening cause was required.

"Intervening" or "superseding" cause has been one of the most confusing of legal concepts for jurors to grasp. But, in the final analysis, it is merely another manner of distinguishing between factual and legal cause.

. . . . .

The basic rule . . . that the legal cause is any substantial contributing factor, takes into account all situations envisioned by any charge on superseding cause. . . .

to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold. (2) The rule stated in Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Because substantial contributing factor remains the test of causation, and because a charge on superseding cause will serve only to confuse the jury, no additional charge on intervening cause should be given.

[Pa.Std. Jury Instructions § 3.28.]

Root's requested points seven, eight, and nine, in effect, would have had the court instruct the jury that, as a matter of law, Root was merely a supplier of parts which Eastern assembled into the subject machine, and that the responsibility for installing appropriate safeguards was therefore upon Eastern and not Root.

Since the evidence raised the issues (a) whether the absence of the safety features in the unit manufactured by Root constituted a design defect; and (b) whether the substantial change concept applied at all, these questions of fact were properly left to the jury's consideration.

Point number eleven asked that the court charge the jury that the parts sold by Root to Eastern contained no "latent defects." A trial court, in charging a jury, need not use exactly the language requested by counsel. *Boyle v. Penna. Railroad Co.*, 403 Pa. 614, 170 A.2d 865 (1961). I agree with Judge Raup that this request

> was also covered by the Court. The Court described the defects as being generally of three types, defect in manufacture, defect in design and defect in failure to warn or adequately inform users of risks. Examples were given of each of these three types of defects and the jury was advised that the only type of defect alleged to have existed in this case was a defect in design.

[Opinion of Raup, J.]

The definition of "unreasonably dangerous" suggested by Restatement of Torts 2d § 402A (comment i) has been disapproved by the Supreme Court of Pennsylvania, *Azzarello v. Black Bros. Co.*, 480 Pa. 547, 391 A.2d 1020 (1978); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 95–97, 337

A.2d 893, 899–900 (1975), and the trial court's denial of Root's request therefor was proper. The record shows that the charge of the court below on "intended use or purpose" and "defective condition" was correct and adequate. Root is not entitled to a verbatim reading from the Restatement on those points.

### 4.

Root's claim that the Court below erred "in charging the jury that the manufacturer of products, where the product is not a completed product, but only a part thereof, was the 'guarantor of the safety of the product' and that the product would have been defective if it 'lacked any element' necessary to make it safe" is meritless. The issue whether the items sold by Root constituted a completed product or only parts thereof was, as above, for the jury, and the court's charge properly comported with section 8.02 of the Pennsylvania Standard Jury Instructions and *Berkebile v. Brantly Helicopter Corp., supra.*

### 5.

It cannot be concluded from the record that Takach assumed a risk as a matter of law. It is clear that the evidence presented dispute on the questions whether: (1) Takach had been warned not to wear gloves; (2) before his injury, Takach had seen a jacket worn by a fellow employee become entangled in the machine in question, requiring the submission of both issues to the jury.

I would affirm the order of the trial court.