504 A.2d 324

William HILL, Executor of the Estate of Mary Hill, Deceased and William Hill, in His Own Right, Appellant,

v.

ACME MARKETS, INC., Appellee.

Superior Court of Pennsylvania.

Argued Oct. 30, 1985.

Filed Jan. 31, 1986.

Harry J. Oxman, Philadelphia, for appellant.

James M. Marsh, Philadelphia, for appellee.

Before CAVANAUGH, McEWEN and CERCONE, JJ.

CAVANAUGH, Judge:

On September 15, 1982, appellant's decedent, Mary Hill, was injured in an automobile collision due to the alleged negligence of the operator of another vehicle which collided with hers. The operator of the other vehicle was Rory Bryson. It is asserted that the injuries ultimately resulted in the death of Mary Hill. Almost two years after the accident, suit on behalf of the estate was brought against appellee, Acme Markets, Inc.

The complaint alleges that Bryson was employed by Acme in November, 1979, that he thereafter worked at various supermarkets and received promotions to the position of cashier. On the date of the incident, it is claimed that Bryson, who had previously suffered from acute paranoid breakdown or a toxic drug psychosis, lapsed into a "fearful mental state" caused by his job activity. As a result of this mental state, it is pleaded that Bryson left the store, got into his automobile and left the premises. It is alleged that he drove recklessly and at an excessive rate of speed and subsequently became involved in a collision with appellant's decedent's vehicle. The negligence and "willful misconduct" of Acme is stated as follows:

11. The above-described incident was caused by the negligence, carelessness, and wanton and willful misconduct of Acme and said conduct consisted in the following:
(a) Hiring and promoting Rory Bryson who was mental [sic] and emotionally unable to work at the position of cashier;
(b) Permitting Rory Bryson to continue to work at the position of cashier when it knew or should have known that he was mentally and emotionally unable to continue his work in that position;
(c) Failing to request medical information about the mental and emotional condition of Rory Bryson;

(d) Failing to monitor Rory Bryson's reasons for being absent from work prior to September 15, 1982;

(e) Failing to train supervisory personnel in such a manner so as to enable them to recognize the existence of mental and emotional disorders in persons working as cashiers;

(f) Failing to remove persons from the position of cashier who are mentally and emotionally unable to function in that position;

(g) Failing to establish procedures and programs for determining the existence of mental and emotional disorders in persons working as cashiers;

(h) Other negligence, carelessness and wanton and willful misconduct.

The trial court sustained preliminary objections in the nature of a demurrer to this complaint and we affirm.

We review this matter with the familiar principle in mind that a demurrer admits every well-pleaded material fact set forth in the pleadings, as well as all inferences reasonably deducible therefrom, but not conclusions of law. In order to sustain a demurrer it is essential that the complaint indicate on its face that the claim cannot be sustained, and the law will not permit recovery. Doubts should be resolved in favor of overruling the demurrer. *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86 (1983).

Even in face of these standards, we believe that in this case the demurrer was properly sustained. There can be no doubt that the efficient cause of the collision was, as alleged, the reckless operation of the vehicle by Bryson. Moreover, there is not, and indeed there could not be, any allegation that he was at the time acting as the servant of his employer, the appellee. Instead, the claim is that appellee was negligent in failing to learn of Bryson's "disorders" and to remove him from the position of cashier. To suggest that an employer must so monitor his employees as to be held responsible for failing to contemplate that a given employee would become emotionally upset, leave the premises, drive his car in a negligent manner and become in-

volved in a collision would, in effect, make the employer the insurer of its employees' conduct, even when off on a frolic of his own. It is not enough that appellant argue the linkeage of but-for causality, for the law requires more. The true test of proximate cause has been stated:

"Proximate cause" is the legal description of acts to which the law assigns responsibility for the harm suffered by plaintiff. *Restatement (Second) of Torts* §§ 430 *et seq.* It is not a rigid term confined only to the determination of mechanical cause and effect. Rather, it is a flexible concept designed to effectuate the varied policies that determine whom the law holds liable for harm suffered by the plaintiff.

*Vizzini v. Ford Motor Co.,* 569 F.2d 754, 767 (3rd Cir., 1977).

Proximate cause generally denotes more than mere causation-in-fact and serves as a means by which courts are able to place practical limits on liability as a matter of policy. *Wisniewski v. Great Atlantic and Pacific Tea Co.,* 226 Pa.Super. 574, 323 A.2d 744 (1974). *See also Takach v. B.M. Root Co.,* 279 Pa.Super. 167, 420 A.2d 1084 (1980); *Ford v. Jeffries,* 474 Pa. 588, 379 A.2d 111 (1977). Proximate cause is designed not only to allow recovery for damages incurred because of another's act, but also to define such limits on recovery as are economically and socially desirable. *See Whitner v. Von Hintz,* 437 Pa. 448, 263 A.2d 889 (1970); *Klages v. General Ordnance Equipment Corp,* 240 Pa.Super. 356, 367 A.2d 304 (1976). *See also Restatement (Second) of Torts* §§ 430, 431, 433, 434.

Applying these standards, we conclude that the allegations of the complaint do not set forth a cause of action against appellee, Acme Markets, Inc., and that the trial court properly sustained the demurrer. To hold otherwise would, we believe, fix an impossible burden on an employer to constantly monitor each employee's mental state and assume a risk of non-detection which would unfairly fix

upon him responsibility for employee's negligence totally unrelated to his employment.

Order affirmed.