583 A.2d 1242

AMERICAN TRUCK LEASING, INC., American Truck Lines, Inc., Appellants,

v.

THORNE EQUIPMENT COMPANY, City of Philadelphia, Department of Licenses and Inspections, Joseph A. Tartaglia, Jatco, Inc., Barney Gross and Dorothy Gross, Appellees.

Superior Court of Pennsylvania.

Submitted Nov. 7, 1990.

Filed Jan. 4, 1991.

Kenneth W. Richmond, Philadelphia, for appellants.

Jacqueline M. Carolan, Philadelphia, for Thorne Equipment, appellee.

Norman G. Prajzner, Asst. City Sol., Philadelphia, for City of Philadelphia, appellee.

Thomas J. Barnes, Philadelphia, for Tartaglia, appellee.

Dante Mattioni, Philadelphia, for Gross, appellees.

Before WIEAND, KELLY and CERCONE, JJ.

WIEAND, Judge:

In this case, the trial court determined as a matter of law that a property owner's alleged negligence, even if proved, was not a substantial factor in causing the plaintiff's loss. Therefore, the court sustained preliminary objections in the nature of a demurrer to those counts of the plaintiff's complaint which asserted liability on the part of the property owner. After careful review, we affirm.

Dorothy Gross was the owner of a vacant building at Nos. 1758–1762 North Front Street, Philadelphia. On June 27, 1988, between 1:30 and 2:30 a.m., a fire started in combustible trash and debris which had been allowed to accumulate on the premises. The fire spread across a

narrow street and damaged premises at Nos. 105–109 West Palmer Street, which premises were owned by Joseph A. Tartaglia and occupied for business purposes by JATCO, Inc. The fire burned for more than eight hours before being extinguished. Pursuant to a determination made by the City of Philadelphia, Thorne Equipment was engaged thereafter to demolish a six story elevator shaft on Tartaglia's land. This elevator shaft, although still standing, had been damaged by the fire. Thorne Equipment began its demolition work on June 28, 1988, but during the course thereof a portion of the elevator shaft fell upon and damaged buildings and vehicles owned by the plaintiffs, American Truck Lines, Inc. and American Truck Leasing, Inc. (American). American thereafter filed a civil action against Thorne Equipment, the City of Philadelphia, Tartaglia, JATCO, Inc. and Dorothy Gross. All claims remain undetermined in the trial court except the claim against Dorothy Gross, which has been summarily dismissed.

American alleged in its complaint that Gross had been negligent by allowing combustible trash and debris to accumulate on her property and in otherwise failing to exercise care to prevent the occurrence of a fire. That negligence, if it existed, would be a legal cause of American's harm only if it could be shown to be a substantial factor in bringing about such harm. Restatement (Second) of Torts § 431. See: *Whitner v. Von Hintz*, 437 Pa. 448, 263 A.2d 889 (1970); *Takach v. B.M. Root Co.*, 279 Pa.Super. 167, 420 A.2d 1084 (1980). Factors to be considered in determining whether an act is a substantial factor in bringing about harm to another are enumerated in Restatement (Second) of Torts § 433 as follows:

> The following considerations are in themselves or in combination with one another important in determining whether the actor's conduct is a substantial factor in bringing about harm to another:
>
> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;

(b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;

(c) lapse of time.

When these considerations are applied to the facts of the instant case, they demonstrate that even if Dorothy Gross had been negligent in allowing combustible trash to accumulate on her property, such accumulation was too far removed factually and chronologically from American's harm to be a legal cause thereof. Gross's negligence was passive and harmless until acted upon by an independent force. Moreover, the fire which erupted on her property was extinguished before any harm had occurred to American. The negligence for which she was responsible, if any, was not in active operation at the time when damages were caused to American's property. Those damages were caused on the day following the fire because of the manner in which the fire weakened elevator shaft was demolished by Thorne Equipment. Because the negligent accumulation of combustible trash was too far removed from the damages to American's property and because those damages were caused by the intervening act of the demolition contractor, it cannot be said legally or factually that the alleged negligence of Dorothy Gross was a substantial factor in causing harm to American.

In *Ford v. Jeffries*, 474 Pa. 588, 379 A.2d 111 (1977), the Supreme Court held that it was for the jury to determine whether a property owner's negligence in maintaining his property in a state of disrepair was a substantial factor in causing the harm to a neighbor's property damaged by fire originating on the original owner's property. In the instant case, however, American's property damage was not caused by a spreading fire. It was caused, rather, by the demolition of a fire damaged grain elevator after the fire had been extinguished. This demolition constituted an independent agency. We conclude, therefore, that the trial court cor-

rectly determined that Dorothy Gross, as a matter of law, was not legally responsible for appellant's harm.

Affirmed.