NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2695
_____

BRUCE M. DOLFMAN, Administrator of the Estate of Li Zhen, Deceased,
Appellant

v.

CEDAR FAIR L.P.; CEDAR FAIR ENTERTAINMENT COMPANY;
CCUSA, INC.; ZACHARY J. EDWARDS; JODI E. SKUBISH;
R.J. SKELDING CO., INC.
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-13-cv-02831)
District Judge: Honorable Paul S. Diamond
_____

Argued April 6, 2016
Before:  FISHER, COWEN and RENDELL, *Circuit Judges*.

(Filed: May 4, 2016)

Bruce M. Dolfman, Esq.
Kirk V. Wiedemer, Esq.  [ARGUED]
Unite F2102
901 North Penn Street
Philadelphia, PA 19123

Caroline Reeves, Esq.
143 Park Avenue
Swarthmore, PA 19081
          *Counsel for Appellant*

Joseph S. D'Amico, Jr., Esq.  [ARGUED]
Fitzpatrick Lentz & Bubba

4001 Schoolhouse Lane
Stabler Corporate Center, P.O. Box 219
Center Valley, PA 18034
	*Counsel for Appellees Cedar Fair, L.P. and Cedar Fair Entertainment Co.*

John P. Morgenstern, Esq.  [ARGUED]
Christopher C. Negrete, Esq.
Deasey Mahoney & Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Francine T. Radford, Esq.
Goodin MacBride Squeri Day & Lamprey
505 Samsome Street
Suite 900
San Francisco, CA 94111
	*Counsel for Appellee CCUSA Inc.*

_____

OPINION*
_____

FISHER, *Circuit Judge*.

Bruce Dolfman, administrator of the estate of Li Zhen, appeals the District Court's grant of summary judgment in favor of the defendants, Cedar Fair and Camp Counselors U.S.A. The District Court dismissed Dolfman's negligence claims because Dolfman could not prove that the defendants breached their duties of care or that their actions proximately caused Li Zhen's death. Because we agree that there is no proximate cause, we will affirm.

I.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Li Zhen was a twenty-two-year-old student from Tianjin, China, a city of over eight million people. She had traveled internationally on several occasions and regularly navigated busy streets. She entered the United States on a J-1 Visa under the Summer Work and Travel Program, which "provide[s] foreign college and university students with opportunities to interact with U.S. citizens, experience U.S. culture while sharing their own cultures with Americans they meet, travel in the United States, and work in jobs that require minimal training and are seasonal or temporary in order to earn funds to help defray a portion of their expenses."[1] Li Zhen's participation in the program was administered by Camp Counselors U.S.A. ("CCUSA"), a program sponsor that matches prospective participants with employers in the United States, and Cedar Fair, which operates Dorney Park & Wildwater Kingdom in Allentown, Pennsylvania.

Li Zhen was a fast food worker at Dorney Park during the summer of 2012. From June until August 13th, Li Zhen lived in dormitory housing at Cedar Crest College, as was required by Cedar Fair. After August 13, 2012, Li Zhen resided at the Comfort Suites Hotel in Allentown. The hotel is located on Hamilton Boulevard directly across from Dorney Park. Hamilton Boulevard is a busy, four-lane, two-way road with a median strip and is accessible to Interstate 78 via on and off ramps. Several modes of transportation

---

[1] 22 C.F.R. § 62.32(b).

from the hotel were available, including a Dorney Park shuttle; a local bus service, which stopped in front of the hotel; the regional Beiber Bus, which had a terminal three quarters of a mile from the hotel; a courtesy van provided by the Comfort Suites; and local taxi services.

On September 4, 2012, Li Zhen left her hotel on foot before sunrise at 5:30 am. She and her friends had planned a personal trip to Philadelphia, which required Li Zhen to walk to the terminal for the Beiber Bus. In order to get to the Beiber Bus terminal, two routes were available to Li Zhen: one required Li Zhen to walk through residential areas behind the Comfort Suites. This route was much longer than the alternative route—to walk along Hamilton Boulevard and then to cross the onramp to Interstate 78.

Li Zhen chose the shorter route and walked west along Hamilton Boulevard. When she approached the onramp to Interstate 78 and began to cross, she was struck by a Jeep driven by Zachary Edwards. Edwards was nineteen years old and driving to a jobsite for his employer, R.J. Skelding Co. He held a valid Pennsylvania driver's license at the time of the accident but was operating his vehicle illegally because his license restricted him to "daylight only" driving due to retinoschisis—a genetic eye disorder. The accident occurred before dawn. Edwards testified that he saw Li Zhen on the ramp, and although he veered to avoid her, Li Zhen also veered in the same direction. Li Zhen died a short time after the accident.

The plaintiff, Bruce Dolfman, is the administrator of Li Zhen's estate. He filed suit in the Eastern District of Pennsylvania alleging state law negligence claims against defendants Cedar Fair, CCUSA, R.J. Skelding Co., and Zachary Edwards.

Cedar Fair, CCUSA, and R.J. Skelding moved for summary judgment on all of Dolfman's claims. The District Court granted Cedar Fair's and CCUSA's motions on November 21, 2014, but denied R.J. Skelding's motion. After Cedar Fair and CCUSA were dismissed from the litigation, Dolfman settled his claims with R.J. Skelding and Edwards. Following the dismissal with prejudice, Dolfman timely appealed the order granting summary judgment to Cedar Fair and CCUSA.

II.

The District Court had jurisdiction under 18 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over a grant of summary judgment, viewing the facts in a light most favorable to the nonmoving party, and applying the same standard that guides our district courts."[2] Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3]

III.

In order to make out a claim for negligence in Pennsylvania, Dolfman must show: the defendants had a duty of care to Li Zhen, they breached that duty, there is a causal

---

[2] *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008).
[3] Fed. R. Civ. P. 56(a).

5

connection between their conduct and the resulting injury, and Li Zhen suffered actual loss or damage.[4] Dolfman argues that summary judgment was improper as to both (1) Cedar Fair and (2) CCUSA.

1.

Dolfman first argues that Cedar Fair was negligent in placing Li Zhen at the Comfort Suites Hotel, which is located on a dangerous road. According to Dolfman, Cedar Fair knew that its employees would be required to walk along the road, putting them in danger. The District Court granted summary judgment in favor of Cedar Fair because it held that, as a matter of law, there was no proximate cause—any hypothetical breach of duty on Cedar Fair's part was not the proximate cause of Li Zhen's death.[5] Dolfman argues that this was error.

Under Pennsylvania law, proximate cause exists where the alleged wrongful act was a "substantial factor" in bringing about the plaintiff's harm. "[A] substantial factor need not be … the only factor in bringing about the relevant harm."[6] Rather, in determining whether proximate cause exists, we examine: (1) the number of other factors which contribute to produce the harm and the extent they have in producing it; (2) whether the actor's conduct has created a force or series of forces which are in

---

[4] *Farabaugh v. Pa. Tpk. Comm'n*, 911 A.2d 1264, 1272-73 (Pa. 2006).
[5] The District Court also held that neither Cedar Fair nor CCUSA had breached their duties of care to Li Zhen. Because we hold that the District Court was correct in finding there is no proximate cause as to either defendant, we do not address the District Court's holding concerning the breach of duty.
[6] *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 772 (3d Cir. 2009) (internal quotation marks omitted).

continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible; and (3) lapse of time.[7]

The District Court was correct in holding that any alleged breach of duty by Cedar Fair did not proximately cause Li Zhen's death. There are simply too many other factors that contributed to her death to a far greater extent than her placement at the Comfort Suites Hotel. First, Zachary Edwards drove in violation of his license restrictions and ultimately struck Li Zhen. Second, Li Zhen chose to make a personal trip to Philadelphia and left early in the morning before dawn. Finally, she chose not to avail herself of the other available modes of transportation or take a different route to the bus stop. Li Zhen's placement at the Comfort Suites was thus a situation harmless unless acted upon by other forces for which Cedar Fair is not responsible.

Dolfman contends that his expert reports preclude the District Court from holding that there was no proximate cause. Dolfman's experts testified that placing Li Zhen at the Comfort Suites and failing to safeguard her health, safety, and welfare "were substantial contributing factors to the death of Li Zhen."[8] However, "an expert witness is prohibited from rendering a legal opinion."[9] Proximate cause is a question of law for the court to

---

[7] *Am. Truck Leasing, Inc. v. Thorne Equip. Co.*, 583 A.2d 1242, 1243 (Pa. Super. Ct. 1991) (citing Restatement (Second) of Torts § 433).
[8] App. at 316-330a.
[9] *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006).

7

answer.[10] Thus, the District Court did not err in granting summary judgment in favor of Cedar Fair.

2.

In challenging the District Court's grant of summary judgment in CCUSA's favor, Dolfman offers two ways in which CCUSA breached its duty of care and those breaches proximately caused Li Zhen's death. First, he argues that CCUSA's acquiescence to Cedar Fair's placement of Li Zhen at the Comfort Suites proximately caused her death; and second, he argues that CCUSA failed to orient Li Zhen, in violation of its duty under federal regulations, and that failure proximately caused her death. The District Court held that any alleged breach—either the acquiescence to Cedar Fair's housing choice or the failure to orient—by CCUSA did not proximately cause her death.

For the same reasons that summary judgment was proper with respect to Cedar Fair, summary judgment was also proper in favor of CCUSA. Cedar Fair's placing Li Zhen at the Comfort Suites Hotel was not a substantial factor in causing her death, and therefore, CCUSA's acquiescence to that decision also is not a substantial factor in her death.

With respect to Dolfman's second argument, unlike Cedar Fair, CCUSA, as program sponsor, had a duty to orient Li Zhen.[11] But even assuming CCUSA breached its

---

[10] *Holt v. Navarro*, 932 A.2d 915, 921 (Pa. Super. Ct. 2007).

8

duty by not orienting Li Zhen to traffic laws and pedestrian safety, that hypothetical breach was not the proximate cause of her death. It is too attenuated to constitute a substantial factor. Instead, too many other factors contributed to a greater extent to her accident. In addition, Li Zhen's background and extensive experience in traveling demonstrate that she did not need to be informed about the risks of crossing the street. Because any alleged breach by CCUSA did not proximately cause Li Zhen's death, the District Court was correct in granting summary judgment in CCUSA's favor.

V.

For the reasons set forth above, we will affirm the District Court's order granting summary judgment in favor of Cedar Fair and CCUSA.

---

[11] 22 C.F.R. § 62.10 (requiring the program sponsor to provide orientation to participants before they arrive) & § 62.32 (requiring the program sponsor, "in those instances when the employer provides housing or transportation," to place participants only with host employers who "agree to provide suitable and acceptable accommodations and/or reliable, affordable, and convenient transportation").