J-S44044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY ROY BERNARDO, JR. | : | |
| | : | |
| Appellant | : | No. 241 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 19, 2021
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000160-2019

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:      **FILED JUNE 28, 2023**

This appeal involves the issue of whether time should be imposed for a

crime of which the defendant was acquitted.  The defendant in this case,

Anthony R. Bernardo, Jr. (Bernardo) arranged to sell four ounces of marijuana

for $550.00 to Issayah Fostion, who then conspired with Wesley Burnett to

rob Bernardo rather than buy the marijuana.  At the agreed-upon time at an

isolated location, while Bernardo was sitting in the front passenger seat of a

car, Burnett ran up to the rear passenger door, drew and fired his gun.

Bernardo shot back, striking Burnett, who fled and later died.  Bernardo was

charged with homicide, attempted homicide as well as attempt to deliver

marijuana, conspiracy to deliver marijuana and carrying a firearm without a

_____

[*] Retired Senior Judge assigned to the Superior Court.

license. Bernardo was found *not* guilty of homicide and attempted homicide but was found guilty of the drug and firearm charges.

For those three convictions, Bernardo was sentenced to an aggregate term of 87 to 204 months' incarceration. Aside from the sentences for each of those convictions to run consecutively, the length of the sentence was in part due to the trial court imposing sentences in excess of the guidelines' maximum aggravated range by six months as to all three convictions. In doing so, it acknowledged that Bernardo was not guilty of homicide and was not being sentenced for Burnett's death, but nonetheless increased the sentence above the guidelines for just that reason. Its justification for doing so was that the sentencing guidelines for the crimes of conspiracy and attempting to deliver marijuana do not take into account the death of another person because that does not normally occur as part of a typical marijuana transaction, and "but for" Bernardo selling the marijuana, Burnett would not have died.

While acknowledging the trial court's statement that Bernardo was not being sentenced for the death is in tension with its statement that it was considering the death when sentencing Bernardo for attempt and conspiracy, the majority nonetheless finds that it was not an abuse of discretion because the trial court acknowledged that it had acquitted him for the homicide, while simultaneously informing Bernardo that it was nonetheless considering the death as a circumstance that Bernardo's criminal activity had brought about.

It appears to attempt to bolster its reasoning by stating that since a sentencing court may consider even arrests that result in acquittals, it can consider Burnett's death in sentencing, not mentioning that Burnett's death was the result of Burnett trying to murder Bernardo.[1]

_____

[1] None of the cases that the majority cites to support this general proposition is applicable because they do not address whether it is proper to exceed the guidelines as well as those cases that involve the defendant's conduct. In **Commonwealth v. Bowers**, 25 A.3d 349 (Pa. Super. 2011), the issue was whether he should have been sentenced as a second time offender because he had accepted ARD in a previous DUI. (For the current status of whether ARD is a second offense **see Commonwealth v. Moroz**, 2022 PA Super 169, 284 A.3d 227 (2022). In **Commonwealth. v. Archer**, 722 A.2d 203 (Pa. Super. Ct. 1998), the issue was whether an offense of which a defendant could be used in calculating the offense gravity score. In that case, the defendant participated in a robbery and the victim was shot with his gun. Even though the defendant was acquitted of the murder under the felony murder rule, because he was a direct participant in the robbery that resulted in the murder, the victim's death could be taken into consideration in determining that offense gravity score. In **Commonwealth v Tisdale**, 334 A.2d 722 (1975), in a case decided before the guidelines, the trial court considered in sentencing that a death had occurred even though defendant was acquitted of the charge, because the sentencing court was convinced that defendant was responsible for the death of the victim. We found no abuse of discretion, reasoning that the trial court was aware that Tisdale "was not convicted of that murder and only weighed such evidence along with other considerations (prior arrests, possibility of employment, and family life) in determining the proper sentence." **Id.** at 724. **Tisdale** was decided well before the guidelines and was only considered one of the factors in deciding the appropriate sentence, unlike here, where we are trying to determine proper factors used in exceeding the guidelines.

The use of prior arrests as a factor in sentencing is now before our Supreme Court in **Commonwealth v. James Berry**, 16 EAP 2023. In that case, the defendant was found guilty of two counts of endangering the welfare of children and one count of sexual abuse of children. The trial court considered that he had been previously arrested for similar conduct. Our Supreme Court granted an allowance of appeal to consider "Did it not violate due process and
*(Footnote Continued Next Page)*

I disagree with the majority because under the Sentencing Code, a person is only to be sentenced for their conduct and the impact that their conduct caused, not the impact someone else caused. In this case, what made this transaction purportedly atypical was the person who tried to kill Bernardo and not any conduct of Bernardo. Because to sentence someone outside the guidelines, directly or indirectly, for defending yourself from someone attempting to murder you is improper as well an abuse of discretion under the Sentencing Code, I respectfully dissent. Let me explain in more detail.

## I.

Trial courts have broad discretion in sentencing and the guidelines of the Sentencing Code do not require trial courts to impose any particular sentence. **See Commonwealth v. Walls**, 926 A.2d 957, 964 (Pa. 2007); **Commonwealth v. Mouzon**, 812 A.2d 617, 621 (Pa. 2002). The reasons for a trial court's deviation from the guidelines, however, must be stated on the record, and a sentence which exceeds the guidelines must be affirmed unless the reviewing court determines that the sentence is "unreasonable." **See** 42 Pa.C.S. § 9781(c)(3).

---

the Sentencing Code for the trial court to consider Petitioner's bare arrest record as a factor in imposing a more severe sentence, and did not the Superior Court err in reviewing this under an abuse[ ]".

- 4 -

When evaluating the reasonableness of the stated reasons for a departure from the guidelines, an appellate court must review the record with regard for:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

According to our Supreme Court, these four factors are deliberately vague in that they lack "any concrete rules as to the unreasonableness inquiry for a sentence that falls outside of applicable guidelines[.]" **Walls**, 926 A.2d at 964; **see also Commonwealth v. Holiday**, 954 A.2d 6, 11-12 (Pa. Super. 2008) (same). However, the Court inferred from the vagueness of the factors that the General Assembly intended for "the concept of reasonableness to be inherently a circumstance-dependent concept that is flexible in understanding and lacking precise definition." **Walls**, 926 A.2d at 963.

To aid in the application of the reasonableness standard, our Supreme Court has explained that in addition to Section 9781(d), review of an above-guidelines sentence should be informed by Section 9721(b) of the Sentencing Code. This latter provision mandates consideration of "the protection of the public; the gravity of the offense in relation to the impact on the victim and

the community; and the rehabilitative needs of the defendants." **Walls**, 926 A.2d at 964 (citing 42 Pa.C.S. § 9721(b)) (emphasis added).

"Impact," as used in Section 9721(b), is undefined in the statute and the Sentencing Code, but our Supreme Court has construed the term as meaning something narrower than any fathomable effect a defendant's conduct may have on a victim or the community at large. That much was made clear in **Commonwealth v. Ali**, 149 A.3d 29 (Pa. 2016), where the defendant had been convicted of selling narcotics to a person who became impaired and caused a fatal car accident because of that impairment. It acknowledged that at sentencing, a trial court can take into consideration that defendant's conduct – the sale of drugs – resulted in a fatal accident under Section 9721(b) that makes that impact or effect a relevant consideration at sentencing. The **Ali** Court cautioned, though, that sentencing judges "must take a measured approach to community and indirect victim effects depending upon the level of attenuation between the crime and the proffered impact." **Id.** at 39.

## II.

In this case, the trial court imposed an unreasonable sentence by considering the death of Burnett as the sole reason to depart upwardly from the sentencing guidelines for several reasons.

First, Burnett's death does not qualify as the type of "victim impact" contemplated in Section 9721(b). **See Ali**, 149 A.3d at 37. Burnett was not

a victim of any of the three offenses the trial court found Bernardo to have committed (attempted sale of marijuana, conspiracy to sell marijuana and possession of a firearm without a license). In fact, Burnett was not a victim at all but an attempted murderer.

Second, Bernardo was found not guilty of the homicide charges. "It is beyond peradventure that when a defendant has been exonerated in the legal system, either by a jury or on constitutional grounds, with respect to a criminal act, that act cannot be used to enhance a sentence." ***Commonwealth v. P.L.S.***, 894 A.2d 120, 130 (Pa. Super. 2006) (citing ***Commonwealth v. Calvert***, 344 A.2d 797 (Pa. 1975); ***Commonwealth v. Smithton***, 631 A.2d 1053 (Pa. Super. 1993). Bernardo's sentence was enhanced for a conduct for which he was exonerated. He was impermissibly sentenced in excess of the guidelines not for his conduct, but for Burnett's conduct who tried to murder him.

Third, the record does not establish that Burnett's death was logically connected to Bernardo's criminal acts. Bernardo was convicted for intending to sell marijuana and carrying a firearm without a license. At the time Bernardo committed those offenses, he had no reason to know that Burnett would be planning to rob him at the meeting place for the transaction. He did not even know that Burnett would be present at the location of the planned sale. The violence that ensued was instigated by Burnett, and the trial court

found that Bernardo was legally justified in using lethal force to defend himself against him.

Fourth, as can be seen, the facts are too attenuated to form a "logical connection" between Bernardo's crimes and a "community impact suffered by specific individuals." Violence is a well-known effect of illicit drug sales, *see Ali*, 149 A.3d at 38, but none of the violence in this case was precipitated by Bernardo's attempted sale of marijuana or lack of a license to carry a weapon. Indeed, the trial court was only able to find the shooting relevant by framing Bernardo's crimes as one of the infinite "but-for" causes of Burnett's death, which is incompatible with the "measured approach" to causation required by our Supreme Court in *Ali*.

Finally, at sentencing and in its written opinion, the trial court justified the departure by remarking that Bernardo had "put into motion a chain of events that risked serious injury or death" and "started the ball rolling" toward the fatal shooting. The implication is that Bernardo's sentence could exceed the guidelines based on any possible link in the causal chain of events between his offenses and Burnett's death, with no apparent regard for the intervening (and far more serious) criminal acts of Burnett and Fostion. Under the trial court's "but-for" test of causation, "even the most remote and insignificant force may be considered the cause of an occurrence." *Takach v. B. M. Root Co.,* 420 A.2d 1084, 1086-87 (Pa. Super. 1980) (quoting Prosser, Law of Torts (4th ed. 1971), p. 238-39). It is for that precise reason that but-for causation

alone does not impart liability: "once events are set in motion there is, in terms of causation alone, no place to stop. [An] event without millions of causes is simply inconceivable; and [but-for] causation alone can provide no clue of any kind to single out those wh[o] are . . . legally responsible." *Id.*

In conclusion, the only reason given on the record by the trial court for exceeding the guidelines is Burnett's death. In doing so, the trial court relied on an improper sentencing factor, gave no proper justification on the record for exceeding the guidelines, and misapplied *Ali's* standard for discerning the scope of relevant community impact caused by a victimless crime.

Accordingly, I respectfully dissent.